UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:14-cv-22570-MGC

------------------------------------------------------------X
ARMAND PROPERTIES 1, INC., :
:
      Plaintiff, :
:
v. :
:
EMPIRE INDEMNITY INSURANCE :
COMPANY, :
:
      Defendant. :
------------------------------------------------------------X

**EMPIRE INDEMNITY INSURANCE COMPANY'S ANSWER
AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

      COMES NOW defendant, Empire Indemnity Insurance Company ("Empire"), through its undersigned counsel, and answers the Amended Complaint filed by plaintiff, Armand Properties 1, Inc. ("Armand"), as follows:

      1.    Paragraph 1 of the Amended Complaint contains a characterization of this action to which no response is required.  To the extent that a response is required, Empire admits that the Amended Complaint purports to seek monetary damages in excess of $15,000.  By way of further response, Empire denies that Armand is entitled to the relief sought in the Amended Complaint.

      2.    Empire denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Amended Complaint.

      3.    Empire admits that it is authorized to do business in Florida as a surplus lines insurer and that it transacts business in Miami-Dade County, Florida.

4. Empire denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Amended Complaint.

5. Empire admits that it issued Policy No. UP101531 (the "Policy") to Armand for the December 23, 2011 to December 23, 2012 policy period for the property located at 22001 S. Dixie Highway, Miami, FL 33170 (the "Property").

6. Empire admits that the Policy was in effect on the date of loss referenced in Paragraph 8 of the Amended Complaint.

7. Empire denies the allegations contained in Paragraph 7 of the Amended Complaint and refers Armand to the Policy for all of its terms, conditions, provisions, limitations, exclusions and endorsements, as the Policy speaks for itself.

8. Empire admits that the Property sustained physical damage on or about August 25, 2012. Empire denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Amended Complaint.

9. Empire admits that the Property sustained physical damage on or about August 25, 2012 necessitating repair and/or remediation. Empire denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Amended Complaint.

10. Empire admits that Armand provided timely notice of the loss and an estimate of its alleged damages. Empire denies the remaining allegations contained in Paragraph 10 of the Amended Complaint.

11. Empire denies the allegations contained in Paragraph 11 of the Amended Complaint.

12. Empire denies the allegations contained in Paragraph 12 of the Amended Complaint.

13. Empire denies the allegations contained in Paragraph 13 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Empire has issued payments to Armand amounting to $69,769.63, which represents the full value of Armand's covered loss and/or damage under the Policy. Therefore, because it has paid the full amount of insurance proceeds that Armand is entitled to receive, Empire has not breached the Policy.

### SECOND AFFIRMATIVE DEFENSE

Empire has issued payments to Armand amounting to $69,769.63, which represents the full value of Armand's covered loss and/or damage under the Policy. Empire's payments were accepted and deposited by Armand without protest. Therefore, Armand's claim is barred by the doctrine of accord and satisfaction.

### THIRD AFFIRMATIVE DEFENSE

The Policy's Building and Personal Property Coverage Form (CP 00 10 06 07) states, in part, as follows:

> A. **Coverage**
>
> We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations . . .
>
> \*   \*   \*
>
> 2. **Property Not Covered**
>
> Covered Property does not include:

3

\* \* \*

    **k.**    Property that is covered under another coverage form of this or any other policy in which it is more specifically described; except for the excess of the amount due (whether you can collect on it or not) from that other insurance; . . .

The Property was occupied by a tenant, Tea Properties, LLC d/b/a O'Sole Mio Italian Restaurant (the "Tenant"), at the time of the loss. Upon information and belief, the Tenant had separate insurance covering all plate glass at the Property, as required by the terms its lease agreement with Armand. As part of its claim, Armand is seeking coverage for, *inter alia*, damage to glass at the Property. Pursuant to the terms of the above provision, Armand is not entitled to coverage for this loss under the Policy to the extent that any loss and/or damage alleged in the Amended Complaint includes property covered under another insurance policy.

## FOURTH AFFIRMATIVE DEFENSE

The Policy's Building and Personal Property Coverage Form (CP 00 10 06 07) states, in part, as follows:

    **A.**    **Coverage**

        We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations . . .

\* \* \*

Furthermore, the Policy's Additional Property Not Covered endorsement (form no. EM 06 03 (08-09)) states, in part, as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

\* \* \*

4

    **B.**    The following is added to **PROPERTY NOT COVERED** unless the property is scheduled on the Declarations and a specific limit shown:

*  *  *

    **2.**    Tenants improvements and betterments; . . .

The Property was occupied by the Tenant at the time of the loss. Upon information and belief, the Tenant made certain improvements and betterments to the Property, as contemplated by the terms of its lease agreement with Armand. The Declarations page of the Policy does not include a specific limit for tenant improvements and betterments. To the extent that Armand is seeking insurance proceeds for loss and/or damage to tenant improvements and betterments, there is no coverage for such loss or damage pursuant to the above-cited provision.

<b><u>FIFTH AFFIRMATIVE DEFENSE</u></b>

The Policy's Causes of Loss – Special Form (CP 10 30 06 07) states, in part, as follows:

    **A.**    **Covered Causes Of Loss**

    When Special is shown in the Declarations, Covered Causes of Loss means Risks of Direct Physical Loss unless the loss is:

    **1.**    Excluded in Section **B.**, Exclusions, or

    **2.**    Limited in Section **C.**, Limitations . . .

*  *  *

Furthermore, the Policy's Protective Safeguards endorsement (form no. IL 04 15 04 98) states, in part, as follows:

This endorsement modifies insurance provided under the following:

COMMERCIAL PROPERTY COVERAGE PART

*  *  *

**SCHEDULE**

| Prem. No. | Bldg. No. | Protective Safeguards Symbols Applicable |
|---|---|---|
| 1 | 1 | P-1 - Automatic Sprinkler System<br>P-9 - Portable fire extinguishers located in or adjacent to all units, and services annually by a licensed and insured contractor |

\*   \*   \*

**B.** The following is added to the EXCLUSIONS section of:

\*   \*   \*

CAUSES OF LOSS – SPECIAL FORM

\*   \*   \*

We will not pay for loss or damage caused by or resulting from fire if, prior to the fire, you:

1. Knew of any suspension or impairment in any protective safeguard listed in the Schedule above and failed to notify us of that fact; or

2. Failed to maintain any protective safeguard listed in the Schedule above, and over which you had control, in complete working order....

The loss was caused, in whole or in part, by fire. Pursuant to the above-referenced provision, there is no coverage available under the Policy for the loss and/or damage alleged in the Amended Complaint to the extent that Armand knew of any suspension or impairment in any protective safeguard or failed to maintain any protective safeguard as required by the terms of the Policy.

## SIXTH AFFIRMATIVE DEFENSE

The Policy's Building and Personal Property Coverage Form (CP 00 10 06 07) states, in part, as follows:

**A.  Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations . . .

*       *       *

In connection with its claim under the Policy, Armand is seeking to recover the cost to replace floor tiles, wall tiles and/or other property that has not been physically damaged. Pursuant to the above-referenced provision, there is no coverage available under the Policy for the loss and/or damage alleged in the Amended Complaint to the extent that such property did not sustain physical damage.

## SEVENTH AFFIRMATIVE DEFENSE

The Policy's Building and Personal Property Coverage Form (CP 00 10 06 07) contains the following "Loss Condition" which states, in part, as follows:

**E.  Loss Conditions**

The following conditions apply in addition to Common Policy Conditions and the Commercial Property Conditions.

*       *       *

**3.  Duties In The Event Of Loss Or Damage**

**a.**   You must see that the following are done in the event of loss or damage to Covered Property:

*       *       *

**(5)**   At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amounts of loss claimed.

7

> **(6)** As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.
>
> Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.
>
> \* \* \*
>
> **(8)** Cooperate with us in the investigation or settlement of the claim.

Additionally, the Policy's Common Policy Conditions (form no. IL 00 17 11 98) states, in part, as follows:

> **C.  Examination Of Your Books And Records**
>
> We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

The loss at issue occurred on or about August 25, 2012. On numerous occasions following the loss, Empire requested information and documentation from Armand to substantiate its claim under the Policy. Armand has failed and/or refused to produce all of the requested information and documentation. To the extent that this failure and/or refusal prejudiced Empire in its investigation of the claim, Armand is not entitled to coverage for the alleged loss, in whole or in part, due to its non-compliance with the above-cited provisions.

Empire reserves the right to assert additional defenses and to amend its answer as further information concerning Armand's claim is developed through discovery or otherwise.

WHEREFORE, Empire demands judgment dismissing the Amended Complaint and awarding it costs and disbursements incurred in this action and such other and further relief as the Court deems necessary and proper.

Dated: July 17, 2014
Fort Lauderdale, FL

        Respectfully submitted,

        MOUND COTTON WOLLAN & GREENGRASS

By:   s/ Jason M. Chodos
      Ira S. Bergman, Esq. (Fla. Bar No. 980900)
      ibergman@moundcotton.com
      Jason M. Chodos, Esq. (Fla. Bar No. 025823)
      jchodos@moundcotton.com
      101 N.E. Third Avenue, Suite 1500
      Fort Lauderdale, FL 33301
      Tel. (954) 467-5800
      Fax (954) 467-5880
      *Counsel for Defendant,*
      *Empire Indemnity Insurance Company*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:14-cv-22570-MGC**

---

```
-----------------------------------------------------------X
ARMAND PROPERTIES 1, INC.,                      :
                                                :
            Plaintiff,                          :
                                                :
v.                                              :
                                                :
EMPIRE INDEMNITY INSURANCE                      :
COMPANY,                                        :
                                                :
            Defendant.                          :
-----------------------------------------------------------X
```

**CERTIFICATE OF SERVICE**

     I hereby certify that on July 17, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

 

                                             s/ Jason M. Chodos
                                             Jason M. Chodos (Fla. Bar No. 025823)
                                             jchodos@moundcotton.com
                                             Mound Cotton Wollan & Greengrass
                                             101 N.E. Third Avenue, Suite 1500
                                             Fort Lauderdale, FL 33301
                                             Tel. (954) 467-5800
                                             Fax (954) 467-5880
                                             *Counsel for Defendant,*
                                             *Empire Indemnity Insurance Company*

## SERVICE LIST

### Armand Properties 1, Inc. v. Empire Indem. Ins. Co.

### Case No.: 1:14-cv-22570-MGC

### United States District Court, Southern District of Florida

Thomas J. Morgan, Jr., Esq.
Morgan Law Group, P.A.
55 Merrick Way, Suite 404
Coral Gables, FL 33134
Tel.  (305) 569-9900
Fax  (305) 443-6828
*Counsel for Plaintiff,*
*Armand Properties 1, Inc.*
Served via transmission of Notice of
Electronic Filing generated by CM/ECF